# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: T.R.**

**No. 13-0582** (Raleigh County No. 12-JA-102)

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Matthew A. Victor, from the Circuit Court of Raleigh County, which terminated her parental rights to the subject child by order entered on June 12, 2013. The guardian ad litem for the child, Wilbert A. Payne, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Alexander Walter, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court terminated her parental rights without affording her sufficient opportunities to remedy the conduct that led to the filing of the abuse and neglect petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, the DHHR filed the abuse and neglect petition that initiated this case. The petition alleged domestic violence between petitioner and her ex-girlfriend, including an incident that resulted in both being arrested. The petition also alleged that petitioner often left the child, then a year old, with anyone who would watch her. The petition further included a DHHR caseworker's summaries of interviews with petitioner. The DHHR caseworker provided that petitioner and her ex-girlfriend were recently evicted from their home, that the power had been off in the home for some time prior to the eviction, and that petitioner had issues with drug abuse. When Child Protective Services interviewed petitioner, petitioner appeared to be under the influence, had a noticeable odor about her, and had dirt caked on her toes.

As the case proceeded, petitioner stipulated to the allegations of abuse and neglect and the circuit court granted petitioner an improvement period with ordered services. The circuit court required petitioner to produce two clean drug screens before any supervised visit with the child. The circuit court also required petitioner to complete a psychological evaluation and to submit to other DHHR services. In January of 2013, the DHHR filed a motion to terminate petitioner's improvement period after she failed to appear for an improvement period hearing in December of 2012, and failed to complete various services of her improvement period. For instance, petitioner failed to produce the required drug screens and failed to complete a psychological evaluation. The circuit court granted the DHHR's motion and terminated

1

petitioner's improvement period. Its order terminating petitioner's parental rights shortly followed, from which petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole argument on appeal is that the circuit court terminated her parental rights before she could complete an improvement period. Petitioner argues that the circuit court disregarded petitioner's attendance at parenting and adult life skill meetings and her attempts to complete the psychological evaluation. Petitioner also argues that, had the circuit court allowed petitioner to complete her improvement period, her efforts to avail herself of further services would have been commendable and productive in securing T.R.'s return to her custody.

Upon our review of the record, we find no error or abuse of discretion by the circuit court. West Virginia Code § 49-6-12(f) provides:

When any respondent is granted an improvement period pursuant to the provisions of this article, the department shall monitor the progress of such person in the improvement period. When the respondent fails to participate in any service mandated by the improvement period, the state department shall initiate action to inform the court of that failure. When the department demonstrates that the respondent has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period.

We also bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with

fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, 228 W.Va. 89, 717 S.E.2d 873 (2011). Our review of the hearing transcript regarding the DHHR's motion to terminate petitioner's improvement period supports the circuit court's decision to terminate her improvement period. Testimony at this hearing revealed that petitioner failed to complete her psychological evaluation, despite efforts by the psychological examiner to reschedule her appointment. The transcript also includes testimony showing that petitioner failed to successfully complete the parenting skills program and that petitioner failed to produce two clean consecutive drug screens. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998).  Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home."  Syl. Pt. 5, *James M. v. Maynard,*185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II